IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 22-cv-271 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FREDERICK J. FULLER, Individually and ) | |
| as Trustee of the BOW STERLING PLACE ) | |
| REALTY TRUST, ) | |
| RAYMOND C. GREEN FUNDING, LLC, ) | |
| NICHOLE WILKINS, ) | |
| RAYMOND MULCAHEY as Administrator of ) | |
| the ESTATE OF BEVERLY MULCAHEY, ) | |
| and TOWN OF BOW, NEW HAMPSHIRE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by Frederick J. Fuller; (2) determine that, with respect to the defendant Frederick J. Fuller's income tax liabilities, federal tax liens arose and attached to certain real property titled in the name of the defendant Bow Sterling Place Realty Trust that is identified below; and (3) enforce federal tax liens against that same real property. For its complaint, the United States alleges as follows:

### JURISDICTION, PARTIES, AND PROPERTY

1. The district court has jurisdiction pursuant to 26 U.S.C. § 7402(a), and 28 U.S.C. §§ 1331, 1340, and 1345.

1

2. Bow Sterling Place Realty Trust (Frederick J. Fuller, Trustee) ("the Trust") is subject to this Court's jurisdiction because Fuller holds title as Trustee to the Trust to the real property described below, which is located in Bow, New Hampshire within this District.

3. Frederick J. Fuller resides in Bow, New Hampshire, within the jurisdiction of this Court.

4. The Town of Bow, New Hampshire ("the Town") is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property described below at such time as this action results in a judicial sale, and also to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action. The Town is subject to this Court's jurisdiction because it is located within this District.

5. Raymond C. Green Funding, LLC, ("Green Funding") is a financial services company incorporated in Massachusetts with its principal place of business in Boston, Massachusetts. Green Funding is subject to this Court's jurisdiction because it held a mortgage on real property located in this District that is the subject of this complaint.

6. Nichole Wilkins is subject to this Court's jurisdiction because she is a resident of Nashua, New Hampshire, and because she (with Raymond Mulcahey) filed a pre-judgment writ of attachment on real property located in this District that is the subject of this complaint.

7. Raymond Mulcahey ("Mulcahey") is named in his capacity as Administrator of the Estate of Beverly Mulcahey, deceased. Mulcahey, a resident of Rhode Island, is subject to this Court's jurisdiction because he was appointed Administrator of the Estate by the 9th Circuit Court, Probate Division in Nashua, New Hampshire, and because he (with Nicole Wilkins) filed

2

a pre-judgment writ of attachment on behalf of the Estate on real property located in this District that is the subject of this complaint.

8. The real property against which the United States seeks to enforce its tax liens (the "Real Property") is located at 43 Sterling Place, Bow, New Hampshire, and has a legal description as follows:

> A certain parcel of land with the improvements thereon located in said town and county, and shown as Lot 29-O on a plan entitled, "Lot Line Adjustment Block 3/Lots 29, 29-O, 29-G & 29-Q Sterling Place & Putney Road Bow, New Hampshire prepared for Michael Audley" dated May 26, 2003 by W.G. Howard and record to the Merrimack County Registry of Deeds as Plan #16653. Said Lot 29-O is further described as:
>
> Beginning at a granite bound found on the southeasterly side of Sterling Place at the northerly corner of the within described Lot; hence running S 48º 59' 36" E along Lot 29-G a distance of 183.06 feet on a granite bound set;
>
> Thence turning and running S 03º 46' 33" W a distance of 199.93 feet to a granite bound found;
>
> Thence turning and running S 31º 11' 45" E a distance of 126.00 feet to an iron pipe found;
>
> Thence turning and running S 19º 08' 35" W a distance of 255.72 feet to a granite bound found;
>
> Thence turning and running S 78º 57' 40" E a distance of 295.83 feet to an iron pipe found;
>
> Thence turning and running S 51º 33' 59" W a distance of 267.46 feet to an iron pipe found at the corner of Lot 29-C and Lot 29-A:
>
> Thence turning and running N 63º 40' 33" W a distance of 338.83 feet to a granite bound set;
>
> Thence N 81º 49' 45" W a distance of 130.00 to the roadway known as Sterling Place;
>
> Thence running along Sterling Place the following courses:
>
>> N 08º 10' 15" E a distance of 315.00 feet;

>Along the length of a curve having a radius of 667.95 a distance of 313.13 feet;
>N 35º 01' 50" E a distance of 150.00 feet to the place of beginning.

Containing 6.15 acres, more or less.

Said Lot 29-O is subject to all easements, covenants and restriction of record.

Meaning and intending to describe and convey a portion of the premises conveyed to Florence L. Audley, Trustee of The Florence L. Audley Trust of 1994 by Corrective Warranty Deed of Robert S. Audley and Florence L. Audley dated December 23, 1995, and recorded in the Merrimack County Registry of Deeds in Book 2009, Page 974 and all of the premises conveyed by Warranty Deed of David J. Bartlett and Sue E. Bartlett et als dated January 8, 2004, recorded in the said Registry in Book 2631, Page 1814.

## COUNT ONE
## Claim to Reduce to Judgment Frederick J. Fuller's Tax Liability

9.  A delegate of the Secretary of the Treasury made assessments against Fuller for income taxes for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of April 26, 2022, including assessed and accrued late-filing penalties under 26 U.S.C. § 6651 and penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount of Tax Assessed | Balance Due as of 04/26/2022 |
|---|---|---|---|---|
| 12/31/2008 | 04/09/2012 | Assessed by Examination | $493,147.00 | $637,228.22 |

10.  The assessment for Fuller's 2008 income tax liability was reached by agreement between Fuller and the IRS following an examination.

11.  Notice of the liabilities described in paragraph 9 was given to, and payment demanded from, Fuller.

12. Despite proper notice and demand, Fuller failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $637,228.22, plus statutory additions and interest accruing from and after April 26, 2022.

13. Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, the statute of limitations was suspended for the income tax period ending December 31, 2008, as more particularly set forth in the following paragraphs.

14. The ten-year collection period began to run on April 9, 2012, when the IRS timely assessed Fuller's liability of $493,147.00. Accordingly, without tolling, the statute of limitations would have run on April 9, 2022.

15. Fuller's bankruptcy petition, Case No. 17-10827-BAH (S.D. Ind. Bankr.), was filed on June 8, 2017, and dismissed on June 28, 2017. As a result of the suspension based on the bankruptcy, the time in which this suit may be filed for the year 2008 would be October 29, 2022, without any consideration of additional suspending events.

16. The limitations period was also suspended when the IRS received Fuller's Collection Due Process ("CDP") hearing. 26 U.S.C. § 6330(e)(1); Treas. Reg. §§ 301.6320-1(g)(2), Q&A-G1, 301.6330-1(g)(2), Q&A-G1; *Boyd v. Commissioner*, 117 T.C. 127 (2001). The suspension period ends either on the date the IRS receives a written withdrawal of the hearing request, when the determination resulting from the CDP hearing becomes final by expiration of the time for seeking review, or upon the exhaustion of any right of appeal. *Id*.

17. Fuller submitted a timely CDP hearing request on October 1, 2012, related to the 2008 liability. The IRS Independent Office of Appeals issued Fuller a Notice of Determination at the end of the CDP hearing.

18. On February 11, 2013, Fuller exercised his right of appeal by petitioning the United States Tax Court to challenge the Notice of Determination. On October 7, 2014, the Tax Court entered a decision sustaining the determinations in the Notice of Determination and stipulating that the taxpayer waived the restrictions provided in 26 U.S.C. § 6330(e) prohibiting collection of the liabilities until the decision of the Tax Court become final.

19. Accordingly, the tolling period was suspended for 736 days from October 1, 2012, to October 7, 2014.

20. The limitations period was also extended an additional 60 days after the Tax Court decision became final. 26 U.S.C. § 6503(a)(1).

21. The tolling period was also suspended for 20 days, plus an additional six months, due to Fuller's filing for Chapter 13 bankruptcy. 26 U.S.C. § 6503(b) and (h)(2).

22. As a result of the above-described limitation-suspending events, the limitation period for reducing to judgment Fuller's 2008 income tax liabilities runs on January 5, 2025. This action is therefore timely filed.

### COUNT TWO
### Claim Against All Parties to Determine that Federal Tax Liens Attach to the Real Property with Priority Over the Judgment Liens

23. The United States incorporates by reference paragraphs 1 through 22 as if specifically realleged herein.

24. On July 27, 2011, the Real Property was acquired by Fuller as Trustee of the Bow Sterling Place Realty Trust through a warranty deed (recorded at Book 3265, Pages 0486-0489 of the Register of Merrimack County as Instrument No.791780).

25. On December 20, 2013, Fuller, as Trustee of the Trust, recorded a mortgage granted to Green Funding for $2.5 million (recorded at Book 3425, Pages 455-468 of the

Register of Merrimack County as Instrument 201300026564). Based on information and belief, there is currently no balance remaining on that mortgage.

26.     On November 25, 2014, a Notice of Federal Tax Lien ("NFTL") was filed with the Merrimack County Registry in accordance with 26 U.S.C. § 6323(f) in the name of "Frederick J. Fuller" relating to the income tax liabilities described above. The NFTL is recorded at OPR Book 3462, Page 1202 of the Register of Merrimack County as Instrument 201400019991.

27.     On April 8, 2015, the District Court for the District of New Hampshire granted a motion for pre-judgment attachment with respect to "all real estate of Frederick J. Fuller located in any and all counties in the in the State of New Hampshire" in favor of two individuals, Nichole Wilkins and Beverly Mulcahey, who were pursuing civil claims alleging, *inter alia*, employment discrimination and sexual assault. *U.S. EEOC, et al. v. Fred Fuller Oil Co., Inc. and Frederick J. Fuller*, Case No. 13-cv-00295-PB, ECF 90 (D. N.H.) ("*Fuller I*").[1] The Writ of Attachment secured a potential judgment up to $300,000.  The Writ does not identify Fuller as trustee of the Bow Sterling Place Realty Trust or mention such trust.

28.     On May 10, 2016, a judgment approving a settlement in favor of Wilkins and Mulcahey totaling $3,611,263.90 was entered against Fuller. *Fuller I*, Case No. 13-cv-00295-PB, ECF 171. On May 20, 2016, the district court granted in part and denied in part Wilkins's and Mulcahey's motion to amend the writ of attachment, which requested that the secured amount be increased from $300,000 to the full settlement, and that it relate back to the April 2015 writ of

---

[1] The EEOC was the original plaintiff in that civil action, and Wilkins and Mulcahey entered the case later as plaintiff-intervenors. The EEOC is not an interested party in this lien enforcement action because it was not party to the settlement agreement between Fuller, Wilkins, and Mulcahey.

7

attachment. *Id*. at ECF 172 & 174. The Court granted their amended writ of attachment for the full amount but denied their request that it relate back. *Id*. at ECF 174. The Amended Writ does not identify Fuller as trustee of the Bow Sterling Place Realty Trust or mention such trust.

29. On February 7, 2017, an NFTL was recorded with the Merrimack County Registry in accordance with 26 U.S.C. § 6323(f) in the name of "Bow Sterling Place Realty Trust, as Nominee of Frederick J Fuller" relating to the income tax liabilities described above and with respect to the Real Property. The NFTL was recorded at OPR Book 3546, Page 1691, as Instrument 201700002341.

30. That NFTL was refiled on June 1, 2021, with the Merrimack County Registry in accordance with 26 U.S.C. § 6323(f) in the name of "Bow Sterling Place Realty Trust, as Nominee of Frederick J Fuller" relating to the income tax liabilities described above and with respect to the Real Property. The refiled NFTL was recorded at OPR Book 3741, Page 2039, as Instrument 202100014110.

31. The Bow Sterling Place Realty Trust has been operated as the alter ego of Fuller. He treated the assets of the Trust as his own. In addition, by document titled "Certificate of Trustee Bow Sterling Place Realty Trust" dated December 16, 2013, and recorded with the Merrimack County Register on December 20, 2013, at Book 3425, Page 469, the trust was modified to make Frederick Fuller, who was then the sole trustee, the sole beneficiary as well. An exhibit thereto (at Pages 470-73) is an assignment of beneficial interest by Debra A. Flerra to Frederick A. Fuller.

32. As Fuller's alter ego, the Bow Sterling Place Realty Trust is also liable for the income tax assessments made against Fuller, so that the federal tax liens for the liabilities of

Fuller attach to all property and rights to property of the Bow Sterling Place Realty Trust, as well as to all property and rights to property of Fuller.

33. Alternatively, the Bow Sterling Place Realty Trust is a sham trust and/or holds record title to the Real Property as the nominee of Fuller, the true owner of said Real Property. Accordingly, the federal tax liens for the trust fund liabilities attached to and encumber the Real Property.

34. In light of the facts stated in paragraphs 26 through 30 above, the federal tax lien has priority over the judgment lien of Wilkins and Mulcahey.

## COUNT THREE
## Claim To Enforce Tax Liens Against Real Property

35. The United States incorporates by reference paragraphs 1 through 34 as if specifically realleged herein.

36. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon Fuller's interest in the Real Property, to have the Real Property sold pursuant to the order of this Court (by a receiver to be appointed by this Court if the United States so elects pursuant to § 7403(d)), free and clear of all rights, titles, claims, and interests of the parties in this case, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any local real estate taxes owed to the Town of Bow and payable under 26 U.S.C. § 6323(b)(6), to the United States except to the extent that this Court determines that claims of other parties have priority.

WHEREFORE, the United States requests the following relief:

A. Judgment against Frederick J. Fuller, for income tax liabilities for the period ending December 31, 2008, in the amount of $ 637,228.22, plus statutory additions and interest accruing from and after April 26, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621,

and 6622, to the date of a judgment, and post-judgment interest pursuant to 28 U.S.C. § 1961(c) (referencing the rates under the Internal Revenue Code);

      B.      Order that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing Frederick J. Fuller's liabilities on the Real Property;

      C.      Order that the federal tax liens for the liabilities of Frederick J. Fuller be enforced against the Real Property, and that the Real Property be sold in a judicial sale (by a receiver to be appointed by this Court if the United States so elects pursuant to § 7403(d)), according to law, free and clear of all rights, titles, liens, claims, and interests of the parties to this case, including any rights of redemption, and that the proceeds of the sale be distributed, after payment of the costs of sale and any local real estate taxes owed to the Town of Bow, to the United States except to the extent this Court determines that claims of other parties have priority; and

      D.      Grant the United States such other and further relief, including costs of this action, as the Court deems just and equitable.

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Benton York*
T. BENTON YORK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-514-5040 (v)
202-514-5238 (f)

T.Benton.York@usdoj.gov

Local Counsel:

JOHN J. FARLEY
United States Attorney
District of New Hampshire