UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.

Frederick J. Fuller, et al.

Civil No. 22-cv-271-LM
Opinion No. 2023 DNH 111 P

# **O R D E R**

The United States of America brought this suit under 26 U.S.C. § 7401 against defendant Frederick Fuller seeking to reduce to judgment certain unpaid income tax liabilities and attach federal tax liens to certain real property located in Bow, New Hampshire.  The government also named as defendants Bow Sterling Place Realty Trust, the Town of Bow, New Hampshire, Raymond C. Green Funding LLC,[1] Nichole Wilkins, and Raymond Mulcahey.  Before the court are the government's motion for default judgment (doc. no. 20); the magistrate judge's July 17, 2023 report and recommendation that recommends granting the government's motion (doc. no. 28); Fuller's response (doc. no. 29); and the replies of the government (doc. no. 31), the Town of Bow (doc. no. 30), and Wilkins and Mulcahey (doc. no. 32).  The court also has before it the parties' joint motion to expedite treatment of the motion for default judgment (doc. no. 27).

---

[1] Raymond C. Green Funding was later dismissed per a joint stipulation.  Doc. no. 12.

## BACKGROUND

The government filed this suit on July 21, 2022, under 26 U.S.C. § 7402(a). The suit brings three claims: Count 1 relates to unpaid federal income tax liabilities by Fuller for the 2008 tax year. The amount of tax assessed was $493,147.00 and the alleged balance due was $637,228.28. In Count 2, the government seeks to determine that federal tax liens attach to certain real property located in Bow, New Hampshire and owned by the Bow Sterling Place Realty Trust, which the government alleged to be Fuller's alter ego and/or a sham trust. Fuller is the trustee of Bow Sterling Place Realty Trust. And, in Count 3, the government seeks to enforce all federal tax liens it has against that property, subject to determination of priority of other parties' claims.

Fuller was personally served on August 18, 2022. Doc. no. 3. Neither Fuller nor the Bow Sterling Place Realty Trust answered or otherwise responded to the complaint. After the time to respond to the complaint expired, on September 16, 2022, the government moved for entry of default under Federal Rule of Civil Procedure 55(a) and Local Rule 55.1. Doc. no. 14. The clerk of court entered default against Fuller on October 31, 2022. The government served Fuller with a copy of the clerk's entry of default. Doc. no. 19.

On December 19, 2022, the government filed a motion for default judgment against Fuller. The court referred the motion to the magistrate judge for a report and recommendation. The government filed a supplemental brief in support of its motion for default judgment on April 14, 2023. The magistrate judge issued her report, which recommends granting the government's motion for default judgment

on July 17, 2023.  On July 31 – the last day to file an objection to the report and recommendation – Fuller appeared in the case for the first time and filed a document pro se.  Doc. no. 29.

In his filing, Fuller writes that he "apologize[s] for being so late in replying to your allegations regarding the trust.  I have been dealing with health and financial issues."  Doc. no. 29 at 1.  He states that he "retained Attorney David Klemm of Boston for $6,000 in October of 2022," but Attorney Klemm "did not reach out to me about the scheduling conference as he said the retainer was used up."  Id.  "He never contacted you and gave me no advice or an itemized bill."  Id.  Fuller asserted that he "would like to . . . request a continuance so you can investigate a serious issue the IRS has in my case."  Id.  Fuller then goes on to discuss matters related to a bankruptcy for Fred Fuller Oil Company.  Id.  In short, Fuller concludes that in fact the government "owe[s] me far more than they claim I owe them."  Id.  He also states that he intends to pay property taxes to the Town of Bow "when this mess is settled."  Id.  He asserts that he requests "that the IRS takes the time to investigate my allegations before proceeding with any foreclosure proceeding as I know I am owed more than I owe."  Id.

The government, the Town of Bow, and Mulcahey and Wilkins filed replies to Fuller's response.  The Town of Bow offered a short reply to Fuller's statement that he intends to pay the town "when this mess is settled," observing that "no stay of the State tax collection process is in place" to "disabuse any party, including Mr.

Fuller, from any misapprehension that the State taxation collection protocol is paused during the pendency of this matter." Doc. no. 30 at 1.

The government asserts that Fuller's filing could be construed liberally as an objection to the magistrate judge's report and recommendation or as a motion to set aside the default entered against him. The government asserts that Fuller's filing is nonresponsive to the report and recommendation and does not raise any specific objection to it. As to setting aside the entry of default, the government asserts that Fuller cannot take any action in this case unless and until the court sets aside the default entered against him. The government argues that an entry of default can only be set aside "for good cause shown," which it acknowledges is a "liberal standard" but certainly not "devoid of substance." Doc. no. 31 at 4. The government argues that the relevant equitable factors for setting aside an entry of default all strongly weigh against Fuller. Specifically, the government contends that Fuller's default was willful and he provides no satisfactory explanation for it; that the motion is untimely; and that Fuller has not asserted any meritorious defense to the allegations. Mulcahey and Wilkins join in the government's reply.

## DISCUSSION

Before the court is the magistrate judge's report and recommendation, Fuller's filing in response, as well as the other parties' replies to Fuller's response. The court construes Fuller's filing as a motion to set aside the default against him. The court denies Fuller's motion to set aside the entry of default. The court also accepts and adopts the magistrate judge's report and recommendation and grants

4

the government's motion for default judgment.  The parties' joint motion to expedite is denied as moot.

I.     Motion to set aside default judgment

Under Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default for "good cause."  Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010).  Rule 55(c) sets out a "liberal" standard but one that is "not so elastic as to be devoid of substance."  Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989).

Courts may consider any relevant equitable factor to decide whether good cause exists, and the court is not bound to any "mechanical formula."  See Indigo Am., 597 F.3d at 3.  Three factors that are typically considered are "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented."  Id.  That list, of course, is not exhaustive.  Courts consider other factors when relevant such as "(4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; [and] (7) the timing of the motion [to set aside the entry of default]."  Id.

The burden of demonstrating good cause lies with the party seeking to set aside the default.  Id.  If the court has doubts, however, the general principle that actions should be resolved on their merits dictates that the court should resolve those doubts in the defendant's favor.  Leshore v. County of Worcester, 945 F.2d 471, 472 (1st Cir. 1991).  At the same time, "[u]pon proper notification of pending action parties must respond diligently, or face the concededly harsh consequences of

a judgment resulting not from consideration of the merits, but from the parties' own inaction." FDIC v. Francisco Inv. Corp., 873 F.2d 474, 478 (1st Cir. 1989).

On balance, the factors weigh against Fuller and setting aside the entry of default. First, Fuller's default appears to have been willful. He was properly served and had notice of this case. At minimum, Fuller made no mistake, excusable or otherwise, in failing to appear, reasons which are often sufficient to grant a motion to set aside default. See, e.g., Empower Energy Solutions, Inc. v. Solar Wolf Energy, Inc., No. 4:21-cv-40044-TSH, 2021 WL 7210989, at *2 (D. Mass. Aug. 31, 2021) (finding that default was not willful because the defendant mistakenly and in good faith believed that an attorney who was representing him in other cases was also representing him in the case before the court); Martinez v. Petrenko, No. 12-cv-331-JD, 2013 WL 1386634, at *1 (D.N.H. Apr. 4, 2013) (finding that default was not willful because defaulting party's lawyer misunderstood procedural rules regarding filing answers to counterclaims); Alicea v. LT's Benjamin Records, No. 10-30002-MAP, 2011 WL 13254080, at *1 (D. Mass. Apr. 21, 2011) (finding that default was not willful when defendant misunderstood an email from plaintiff's counsel indicating that plaintiff had extended time to respond). Despite having notice of the case – and notice of the clerk's entry of default against him – Fuller made no attempt to appear in this case until the magistrate judge issued a report and recommendation in favor of the government. These circumstances support a conclusion that Fuller's default was willful.

As to the second factor, prejudice, the government appears to concede that setting aside the default would not prejudice it. See doc. no. 31 at 5 ("[T]he United States may not be prejudiced by setting aside the default[.]").² Likewise, no other party indicated that it would. Thus, the second typically-applied factor – prejudice – weighs in Fuller's favor.

The third factor – assertion of a meritorious defense – weighs against Fuller. While "[e]stablishing the existence of a meritorious defense is not a particularly arduous task," Fuller failed to do so. See Indigo Am., 597 F.3d at 4; Coon, 867 F.2d at 77 ("[A] party's averments need only plausibly suggest the existence of fact which, if proven at trial, would constitute a cognizable defense."). Fuller's assertions in his motion primarily concern collateral issues about Fuller's company's bankruptcy case. Fuller's conclusory statement that the government owes him money and not the other way around holds no water. Fuller's last-minute response failed to acknowledge either the government's allegations or the magistrate judge's report and recommendation. Notably, "[w]here no meritorious defense exists, it makes little sense to set aside the entry of default, as doing so would merely delay the inevitable." Indigo Am., 597 F.3d at 4. Nonetheless, the court will examine the remaining relevant factors as well.

Fourth, Fuller's explanation for his default is weak. Other than stating that he was facing unspecified health issues and was having financial difficulties, Fuller

---

² Delay in satisfaction of the plaintiff's claim is not sufficient to show prejudice. See Coon, 867 F.2d at 77.

7

offers no real explanation as to why he was unable to appear at any time in the year since he was served. Generally, a defendant cannot use his inability to afford counsel as the sole excuse for inaction. See Pure Barnyard, Inc. v. Organic Lab'ys, Inc., No. 08-cv-501-JL, 2012 WL 4472012, at *6 (D.N.H. Sept. 26, 2012) (citing McKinnon v. Kwong Wah Rest., 83 F.3d 498, 503-04 (1st Cir. 1996) and Perry v. Warner (In re Warner), 247 B.R. 24, 26 (1st Cir. B.A.P. 2000)). And Fuller does not explain why he was incapable of appearing after he was served last year. Nor does he explain what changed such that he could file a response at the eleventh hour and by happenstance on the last day which was available to object to default judgment. As noted, there is no indication of mistake on Fuller's part.

As to the fifth factor, Fuller has not shown that he acted in good faith, especially considering the long delay and his inadequate explanation for it. The sixth factor, the amount of money involved does weigh in Fuller's favor slightly as the amount of the default judgment would be significant. The government agrees that the amount of money involved is significant.

Finally, the timing of the motion to set aside default weighs strongly against Fuller. See Matter of G&J Fisheries, Inc., 598 F. Supp. 3d 18, 22 (D. Mass. 2022) (denying motion to set aside entry of default when motion filed nine months after pertinent deadline). As noted, Fuller has been aware of this case for approximately one year since he was served, but he did not appear in this case until the last day to object to the default judgment.

In sum, the factors weigh heavily against setting aside the entry of default. In particular, the court is troubled by the late timing of Fuller's response in relation to when he knew about the suit.  At bottom, Fuller knew about "the pending legal problem," but seems to have "hoped that it would all go away" as opposed to working to meet the government's allegations in court.  See McKinnon, 83 F.3d at 504.  Such circumstances do not warrant lifting of a party's default.  See id.  For those reasons, to the extent Fuller's filing (doc. no. 29) is intended to be a motion to set aside default, it is denied.

II.     Report and recommendation

The court also accepts and adopts the magistrate judge's report and recommendation.  In its response, the government noted that the court could liberally construe Fuller's filing as an objection to the report and recommendation. But a party in default cannot participate in a case unless default has been set aside. EmPower Energy Solutions v. Solar Wolf Energy, Inc., No. 4:21-40044-TSH, 2022 WL 622216, at *3 (D. Mass. Jan. 3, 2022); 10A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2688.1 (4th ed., April 2023 update).  And if the court were to set aside Fuller's default, of course, there would be no grounds to enter a default judgment.  Thus, there is no circumstance in which the court could consider Fuller's response as an objection to the magistrate judge's report and recommendation.  In any event, as discussed above, Fuller's response does not address or otherwise offer any specific objection to the report and recommendation.

And, to exercise all caution, the court has reviewed the magistrate judge's report and recommendation de novo.

No party objected to the report and recommendation. See Sch. Union No. 37 v. United Nat. Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) ("'[O]nly those issues fairly raised by the objections to the magistrate judge's report are subject to review in the district court and those not preserved by such objection are precluded on appeal.'"). The court accepts and adopts the report and recommendation. The government's motion for default judgment (doc. no. 20) is granted. The government's motion to expedite treatment of the motion for default judgment (doc. no. 27) is denied as moot.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 31, 2023

cc: Counsel of Record